Supreme Court—Jersey Land Co. v. Scott.

JERSEY LAND COMPANY, A CORPORATION, RELATOR, v. JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, AND THE CITY OF EAST ORANGE, RESPONDENTS.

Submitted January 16, 1925—Decided June 15, 1925.

Zoning—Stores in Residence District—Location, Park Avenue and Grove Street, East Orange—Case Well Within Rule in Ignaciunas v. Risley, 2 N. J. Adv. R. 852.

On demurrer to the return of an alternative writ of *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the relator, *Leber & Ruback*.

For the respondents, *Walter C. Ellis*.

PER CURIAM.

This is a demurrer to the return of an alternative writ of *mandamus*. Jersey Land Company, a corporation, relator, is the owner of a tract of land in the city of East Orange, located at the corner formed by the intersection of the southerly side of Park avenue with the westerly side of Grove street. Park avenue is a main artery of traffic between the cities of Newark and Orange, by way of East Orange. It is an avenue fifty feet in width between the curbs. There is a ten-foot strip in the centre of the avenue upon which foliage is planted. Grove street is also one of the main arteries of traffic between the cities of Newark and Bloomfield, by way of the city of East Orange. The tract of land in question has a frontage on Park avenue of one hundred and eleven feet, and a frontage on Grove street of ninety feet. The relator applied to the building inspector of the city of East

Orange for a permit for the erection of a two-story brick structure containing nine stores and two apartments on the first floor, and eight living apartments on the second floor. The plans submitted to the building inspector were satisfactory, but the permit was refused because of a zoning ordinance passed .by the city of East Orange which placed the property of the relator in what is known as the "Large Volume Residence District." Consequently, no stores could be erected. A zoning board of appeals has been established in East Orange. The relator presented his case to the zoning board of appeals, and that board sustained the refusal of the building inspector to issue the permit. Application was then made to this court for a writ of *mandamus,* and an alternative writ was allowed. The return sets up that within the district where the relator's land is located stores are pro-hibited. Within the "Large Volume Residence District" there is allowed—(1) anything allowed in the "Small Volume Districts," and (2) anything allowed in the "Medium Volume Districts." In addition, there is allowed dwellings for more than two families, flat, tenements and apartments. A reference to what is allowed in the small volume districts and the medium volume districts shows that the property of the relator could be used for a farm, trucking garden, &c., offices of professional men, hotels and lodging-houses, hospitals, sanitariums, philanthropic institutions, clubs, schools, libraries, railroad stations and the character of dwellings herein-before mentioned. It is evidently desired to maintain Park avenue as a residential street. There are, however, seven blocks east of the relator's property on Park avenue, stores, and two blocks west on Park avenue there is a grocery store. There is a large number of commercial properties three blocks north of the relator's land.

We are of the opinion that this case does not differ from, and is controlled by, the case of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; affirmed by the Court of Errors and Appeals, 2 *N. J. Adv. R.* 852.

The demurrer to the return is sustained. A peremptory writ of *mandamus* is awarded to the relator.